# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:11cv13

| | |
|---|---|
| MARTINA CLARK, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>MOREQUITY, INC; SPECTRUM )<br>FIELD SERVICES, INC.; SHELTON )<br>PROPERTIES, INC.; and ROBERT )<br>LINDSEY, )<br>Defendant. )<br>_____ ) | **MEMORANDUM AND<br>RECOMMENDATION<br>AND ORDER** |

**THIS MATTER** is before the court on plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit. The court has carefully considered plaintiff's affidavit which shows no income, almost no cash on hand, and personalty having very little monetary value. Review of the 2011 Health and Human Services Poverty Guidelines provides that for a household of one person, that income less than $10,890.00 falls below the federal poverty measure as determined by the government. See http://www.aspe.hhs.gov/poverty/11poverty.shtml. The court will, therefore, allow the application and permit plaintiff to proceed without prepayment of the filing fee or giving security therefor. For the reasons that follow, the United States Marshal will not be instructed to effectuate service at this time.

-1-

Having allowed plaintiff to proceed *in forma pauperis*, the court has conducted a review of the Complaint in accordance with 28, United States Code, Section 1915(e)(2), which provides in pertinent part as follows.

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
> (i) is frivolous or malicious . . . .

28 U.S.C. § 1915(e)(2). From the face of the Complaint, it appears that plaintiff, who is proceeding *pro se*, is attempting to assert a common law claim for conversion. While plaintiff fails to allege the basis for this court's jurisdiction in her Complaint, the court has assumed that she brings the action under the court's diversity jurisdiction.

The diversity jurisdiction of this court is dependent upon two things: an amount in controversy exceeding $75,000.00; and complete diversity of the parties. See Saint Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938); 28 U.S.C. § 1332. While the value of the goods allegedly converted could not plausibly pass the jurisdictional threshold, plaintiff has alleged damages for "emotional distress" of $100,000.00, even though she has not asserted a cause of action for negligent or intentional infliction of emotional distress. Setting aside questions concerning jurisdictional amount, what is readily apparent, however, is the lack of complete

diversity inasmuch as plaintiff and at least one defendant are alleged to be residents of the State of North Carolina. See Complaint, at ¶ 1. The undersigned must, therefore, recommend that this action be dismissed without prejudice as this court lacks jurisdiction to hear such claim.

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit (#2) is **GRANTED,** but that process not issue at this time.

## RECOMMENDATION

**IT IS RESPECTFULLY RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** as it appears from the face of the Complaint that diversity jurisdiction is lacking and no other basis for jurisdiction is apparent.

### Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file

objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: January 25, 2011

Dennis L. Howell
United States Magistrate Judge