# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:11cv13

| | |
|---|---|
| MARTINA E. CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| MOREQUITY, INC., *et. al.*, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Memorandum and Recommendation and Order of Magistrate Judge Dennis L. Howell [Doc. 3].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, United States Magistrate Judge Dennis L. Howell was designated to consider the Plaintiff's application to proceed without the prepayment of fees and to provide an initial review of the Plaintiff's Complaint pursuant to 28 U.S.C. §1915(e)(2).[1]

On January 26, 2011, the Magistrate Judge filed a Memorandum and

---

[1] That statute provides that "the court shall dismiss the case at any time if the court determines that ... the action ... is frivolous or malicious [or] fails to state a claim on which relief may be granted[.]"

Recommendation in which he recommended dismissing this action without prejudice for lack of jurisdiction. [Doc. 3]. The Magistrate Judge correctly noted that the Plaintiff alleged diversity jurisdiction in the Complaint while conceding that one of the Defendants, Robert Lindsey, is a North Carolina resident. [Id.]. The Plaintiff was advised that any objections to the Magistrate Judge's conclusions and recommendations were to be filed in writing within fourteen days of service of the Recommendation and that failure to file objections to the Memorandum and Recommendation would preclude her from raising any objection on appeal. [Id., at 3-4]. The period within which to file objections expired on February 14, 2011.

On February 17, 2011, the Plaintiff filed three documents: Amended Complaint [Doc. 4],[2] Objections to Memorandum and Recommendation [Doc. 5], and Motion to Drop Defendant Robert Lindsey [Doc. 6]. Included within the Objections and Motion was a certificate of service in which the Plaintiff stated that she served the Defendants with those pleadings by first class mail on February 7, 2011. [Doc. 5; Doc. 6]. The envelope in which these documents were mailed to the Court for filing was also filed in the record. [Doc. 6-1].

---

[2]In this document, the Plaintiff deleted the non-diverse defendant and attempted to more specifically allege the monetary threshold for jurisdiction. [Doc. 4]. She also modified her claims for relief. [Id.].

2

That envelope was stamped by the United States Postal Service on February 16, 2011, two days after the date by which the Plaintiff must have filed Objections.³ [Id.]. As a result, the Objections to the Memorandum and Recommendation were filed three days after the time within which to do so had expired. [Doc. 5]. Because the Objections were untimely, the Court is not obligated to provide *de novo* review and need only review the record for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315-16 (4th Cir. 2005), *certiorari denied* 546 U.S. 1091, 126 S.Ct. 1033, 163 L.Ed.2d 855 (2006); Williams v. Cathy, 2008 WL 2277544 (W.D.N.C. 2008). Indeed, because the Plaintiff has failed to offer any excuse for the tardiness of the response, the Court, in its inherent authority, could order the Objections stricken. Mason v. Universal Underwriters Life Ins. Co., 2006 WL 2847288 (W.D.N.C. 2006).

"Under 28 U.S.C. §1915(e), which governs IFP [*in forma pauperis*] filings in addition to complaints filed by prisoners, a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006) 440 F.3d 648, 655 (4th Cir. 2006), *certiorari denied* 548 U.S. 910, 126 S.Ct.

---

³It is also noted that the pleadings were mailed to the Court ten days after the Plaintiff certified in her certificate of service that she mailed them to the Defendants.

2936, 165 L.Ed.2d 961 (2006). In response to the Magistrate Judge's recommendation, the Plaintiff filed an Amended Complaint in which she dropped the non-diverse defendant as a party and modified her claims for relief.[4] [Doc. 4]. In this amended pleading, the Plaintiff has alleged state law claims purportedly arising from what appears to have been an eviction or foreclosure. The Plaintiff, however, does not allege that she ever resided at the location from which certain property was alleged to have been converted, or whether such conversion consisted of a temporary or permanent deprivation of the property. Nor does she explain in what manner the Defendants were involved in the purported taking of her property. She does not allege a foreclosure or eviction proceeding. In short, she has not alleged any facts in support of her claims. The Court can only surmise that the basis of her claims involves an eviction or foreclosure.

For example, the Plaintiff claims that her personal property, described as household belongings and a car with a total value of $25,000, was converted but does not explain in what manner the conversion occurred. [Doc. 4, at 3-4]; Day v. Rasmussen, 177 N.C.App. 759, 629 S.E.2d 912 (2006) ("'Conversion is defined as: (1) the *unauthorized* assumption and exercise of

---

[4] Since none of the Defendants has been served, the Plaintiff did not need permission to amend the Complaint.

4

the right of ownership; (2) over the goods or personal property; (3) of another; (4) to the exclusion of the rights of the true owner.'") (citations omitted; emphasis provided). The Plaintiff does not allege that the assertion of control over the property was unauthorized, merely that the Defendants did not advise her of the property's location for an undisclosed period of time. [Doc. 4, at 4].

The Plaintiff alleges an unfair and deceptive trade practice because the Defendants "were in a position of power" and refused to tell her where her property had been taken but does not allege any facts which would support a claim under N.C. Gen. Stat. §75-1.1. [Id.]; Cardinal Health 414, Inc. v. Schwarz Properties, Inc., 2008 WL 5216189 (M.D.N.C. 2008) (although eviction process may rise to the level of unfair trade practice, must be egregious conduct); Bartlett Milling Co., L.P. v. Walnut Grove Auction and Realty Co., Inc., 192 N.C.App. 74, 83, 665 S.E.2d 478 (2008), *review denied* 362 N.C. 679, 669 S.E.2d 741 (2008) (must be egregious, immoral, oppressive, unscrupulous, or substantially injurious in order to rise to level of unfair trade practice).

The Plaintiff alleges intentional and negligent infliction of emotional distress claims but does not support these claims with factual allegations.

5

[Doc. 4, at 4-5]; Foster v. Crandell, 181 N.C.App. 152, 167, 638 S.E.2d 526, 537 (2007), *disc. rev. denied* 361 N.C. 567, 650 S.E.2d 602 (2007) (stating elements of intentional infliction of emotional distress as extreme and outrageous conduct which in fact causes severe emotional distress shown by evidence of diagnosable mental health condition); Holleman v. Aiken, 193 N.C.App. 484, 668 S.E.2d 579 (2008) (specific factual allegations of negligent conduct which must have been foreseeable and specific allegations of severe emotional distress required). Indeed, the Plaintiff has failed to allege the breach of any legal duty. Id.

In order to state a claim, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), *quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Id. A plaintiff must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling [her] to relief, *i.e.*, the 'plausibility of entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009), *quoting* Twombly, 550 U.S. at 570.

> [T]he Supreme Court has held that a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." To discount such unadorned conclusory allegations, "a court considering a [claim] can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." This approach recognizes that "naked assertions" of wrongdoing necessitate some "factual enhancement" within the complaint to cross "the line between possibility and plausibility of entitlement to relief."

Id., *quoting* Twombly, 550 U.S. at 555, 557 and Iqbal, 129 S.Ct. at 1950. In this matter neither the Complaint nor Amended Complaint rise to the level of a "formulaic recitation of elements," much less meet the minimal pleading standards. The Court finds that the Plaintiff's Complaint does not state claims upon which relief may be granted.

This is not the Plaintiff's first foray into federal court. On June 13, 2006, she removed a state foreclosure action to this Court. U.S. Dept. of Agriculture-Rural Housing Service (USDA-RHS) v. Brooks and Clark, 2006 WL 2347741 (W.D.N.C. 2006) (Civil Case No. 1:06cv188). The case was remanded to state court. Id.

On November 3, 2006, the Plaintiff began a lawsuit in the Charlotte Division against the USDA-RHS making the same allegations as she made in the notice of removal in Civil Case No. 1:06cv188. Clark v. USDA-RHS, 2007 WL 3112458 (W.D.N.C. 2007) (Civil Case No. 3:06cv457). That action

7

was dismissed for failure to state a claim and as frivolous. Id. In so ruling, the Plaintiff was clearly placed on notice that the Court considered her repetitive filings to be frivolous and abusive. Id., at **5-6. The United States Fourth Circuit Court of Appeals affirmed that ruling. Clark v. USDA-RHS, 282 Fed.Appx. 263 (4th Cir. 2008).

On December 22, 2006, the Plaintiff removed another state court foreclosure action to this court. Clark v. USDA-RHS and Huffstetler, 2007 WL 610666 (W.D.N.C. 2007) (Civil Case No. 1:06cv394). That case was consolidated with Clark v. USDA-RHS, Civil Case No. 3:06cv457, and dismissed as well. Id.

The Plaintiff's history of filing frivolous suits has been repeated in this action. A complaint is frivolous if it lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). If a plaintiff's factual allegations are clearly baseless or fail to state a federal claim for relief, it may be dismissed. Id., at 324-25. A claim based on an indisputably meritless legal theory may also be dismissed as frivolous. Id.

> The standards for review of §1915[e] dismissals are well established. As noted, the statute allows dismissal if the district court is "satisfied that the action is frivolous or malicious." This standard encompasses complaints that are either legally *or*

8

factually baseless. The statutory language dictates a high degree of deference to the discretion of district courts. A claim can be dismissed whenever a district court is "satisfied" the claim is frivolous.

Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996).

The Court here is "satisfied" that the Plaintiff's claims are both factually and legally frivolous. Even when the plaintiff is *pro se*, the court "is not required to piece together causes of action from fragmentary factual recitations" and conclusory allegations are not sufficient. Id., at 1318; Yarborough v. United States, 2010 WL 3835120 (E.D.N.C. 2010) (dismissing claim as frivolous for failure to specifically allege facts); Bullock v. Ferrer, Poirot and Wansprough, 2009 WL 2767666 (E.D.N.C. 2009) (where no legal theory on which recovery may be sought is presented, dismissal as frivolous is appropriate).

In conclusion, the Court finds the Magistrate Judge's recommendation was correct at the time issued. The Court further finds the Plaintiff's Objections thereto were untimely. Nonetheless, having reviewed the Objections and the allegations of the Amended Complaint, the Court finds the Complaint fails to state any claim on which relief may be granted and is frivolous. As a result, the Court dismisses this action.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objection to Memorandum and Recommendation [Doc. 5] is untimely.

**IT IS FURTHER ORDERED** that having conducted a review of the Objection and the allegations of the Amended Complaint, the Court hereby **DISMISSES** this action for failure to state a claim and as frivolous.

**IT IS FURTHER ORDERED** that the Motion to Drop Defendant Robert Lindsey [Doc. 6] is hereby **DENIED** as moot.

Signed: February 28, 2011

Martin Reidinger
United States District Judge